UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| COTY DILBECK | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. 1:20-cv-182-CEA-CHS |
| | ) |
| WILLIAM G. MILLER, | ) |
| MILLER INDUSTRIES, INC. | ) |
| SECURITY OFFICER | ) |
| UNKNOWN SECURITY COMPANY | ) |
| | ) |
|     Defendants. | ) |

## REPORT AND RECOMMENDATION

### I.  Introduction

Pro se Plaintiff Coty Dilbeck, proceeding *in forma pauperis*, brings this action under 42 U.S.C. § 1983 against Defendants alleging violations of his constitutional rights. Because I conclude that his complaint does not state a claim for which relief can be granted, I **RECOMMEND** this action be **DISMISSED** without prejudice and the application to proceed *in forma pauperis* be **DENIED** as moot.

Under 28 U.S.C. § 1915(e)(2), the Court has the responsibility to screen all actions filed by plaintiffs seeking *in forma pauperis* status—and to dismiss any action or portion thereof which is frivolous or malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007) and *La Fountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *Smith v. Lindamood*, Case No. 1:16-cv-86, 2017 WL 444830, at *2 (M.D. Tenn. Feb. 2, 2017); *Johns v. Maxey*, Case No. 2:07-cv-238, 2008 WL 4442467, at *1 (E.D. Tenn. Sept. 25, 2008) (Greer, J.).

## II. Facts

Plaintiff has filed a complaint entitled "Complaint for Violations of Civil Rights Under 42 U.S.C. § 1983." [Doc. 2, Complaint at 1]. Plaintiff alleges that while he was employed with Miller Industries, Inc., he was falsely accused of stealing a tow truck and illegally terminated from his job. [*Id*. at 2]. He further alleges that he was wrongfully charged with theft of the tow truck but that the charge was eventually dismissed. [*Id*.] As a result of these actions, he had a mental breakdown "causing all of my future actions of disbelief, confusion, paranoia and anger. I feel they violated my constitutional rights." [*Id*.].

## III. Discussion

### A. Standard of Review

The standard required by § 1915(e)(2) to properly state a claim for which relief can be granted is the same standard required by Fed. R. Civ. P. 12(b)(6). *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008); *accord Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). In determining whether a party has set forth a claim in his complaint for which relief can be granted, all well-pleaded factual allegations contained in the complaint must be accepted as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)*, Bell Atlantic Corp. v. Twombly,* 550 U.S 544, 555 (2007). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Erickson*, 551 U.S. at 93 (quoting *Twombly*, 550 U.S. at 569-70.) Further, a *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nevertheless, the complaint must be sufficient "to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570, *Wyson Corp. v. APN*,

*Inc.*, 889 F.3d 267, 270 (6th Cir. 2018) ("The question is whether [plaintiff's] complaint[] contain[s] factual allegations that, when accepted as true, set out plausible claims for relief."). This requirement simply means that the factual content pled by a plaintiff must permit a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

B.  Analysis

To state a claim under Section 1983, a plaintiff is required to show that he has been deprived of a right, privilege, or immunity secured to him by the United States Constitution or other federal law and that the defendants caused the deprivation while they were acting under color of state law. *Howell v. Father Maloney's Boys' Haven, Inc.*, 976 F.3d 750, 752 (6th Cir. 2020); *Gregory v. Shelby County, Tenn.*, 220 F.3d 433, 441 (6th Cir. 2000); *Baker v. Hadley*, 167 F.3d 1014, 1017 (6th Cir. 1999). None of the defendants named in Plaintiff's complaint are state actors; therefore, Plaintiff has failed to state a claim for relief under 42 U.S.C. § 1983.

IV.  Conclusion

For the reasons stated herein, it is **RECOMMENDED** that this action be **DISMISSED** without prejudice.[1]

ENTER.

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party.  Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure.  Failure to file objections within the time specified constitutes a waiver of the right to appeal the District Court's order.  *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S. Ct. 466 (1985).  The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general.  *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986).  Only specific objections are reserved for appellate review.  *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).